IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ELAINE McCLELLAND, individually as a surviving heir of the decedent JENNY McCLELLAND, and as special administrator of the Estate of JENNY McCLELLAND,**

      **Plaintiff,**

v.

**CORY CHICK,**

      **Defendant.**

Case No. 20-2354-DDC

## MEMORANDUM AND ORDER

This case involves a dispute about where to hold the trial in this wrongful death action emerging from a motor-vehicle accident in western Kansas.

Plaintiff Elaine McClelland and defendant Cory Chick initially designated Kansas City and Wichita, respectively, as their preferred trial locations. *See* Doc. 2; Doc. 6. Defendant now moves the court to deem Topeka the proper place for trial. Doc. 39 at 1. He contends that Topeka is a more convenient location for the parties to try the case. *Id.* at 3. Plaintiff opposes defendant's motion, arguing that Kansas City remains the more convenient forum for trial. *See* Doc. 42 at 1. For reasons explained below, the court denies defendant's motion and sets Kansas City, Kansas as the place of trial.

The court briefly recites the law and procedural rules governing requests to change the place of trial, and then applies those rules to defendant's motion.

## I. Legal Standard

Our court's local rules govern the place of trial. *See* D. Kan. Rule 40.2. When filing her complaint, a plaintiff also "must file a request stating the name of the city where the plaintiff desires the trial to be held." D. Kan. Rule 40.2(a). "Unless the court orders otherwise, the plaintiff's request governs where the case is filed, docketed, and maintained." *Id.* But the court is not bound by a party's designated place of trial. D. Kan. Rule 40.2(e). Instead, the court may determine the place of trial "upon motion or in its own discretion." *Id.*

When deciding the place for trial, courts "generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)." *Lopez-Aguirre v. Bd. of Cnty. Comm'rs*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014). The district court has broad discretion under § 1404(a) to adjudicate motions to transfer based on a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991); *see also ABF Freight Sys., Inc. v. McMillian*, No. 17-2324-JWL, 2018 WL 4154014, at *1 (D. Kan. Aug. 30, 2018). The Tenth Circuit lists a range of factors that a district court should consider when deciding whether to transfer an action under § 1404(a):

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)); *see also Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).

Our court weighs the § 1404(a) factors as well as other practical considerations. It has summarized this composite of considerations, identifying factors such as: (1) plaintiff's choice

of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious, and economical. *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *1 (D. Kan. Dec. 2, 2014) (citing *Chrysler Credit Corp.*, 928 F.2d at 1516). The moving party bears the burden to establish that the existing forum is an inconvenient one. *Id.* (citations omitted). Here, defendant bears that burden because the motion seeks to displace plaintiff's chosen forum.

## II. Discussion

Consistent with these cases, the court now applies the § 1404(a) factors to this case's facts and procedural elements to decide whether the court should relocate the trial from Kansas City to Topeka.

### A. Whether Plaintiff's Choice of Forum Favors Topeka as Place of Trial

"Unless [the § 1404(a)] factors weigh strongly in the defendant's favor, the 'plaintiff's choice of forum should rarely be disturbed.'" *Tiffany v. City of Topeka*, No. 09-2232-CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009) (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)). But plaintiff's preference is "largely inapplicable if the plaintiff does not reside" in the designated location. *Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009); *cf. Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *2 (D. Kan. June 26, 2007) (concluding that "the rationale for allowing the plaintiff to dictate the forum evaporates" when the plaintiff lives outside his choice of forum); *but see Tiffany*, 2009 WL 1683515, at *1 (explaining that plaintiff's choice of forum "weighs only slightly in favor of plaintiff" when place of forum is not his place of residence). Also, "courts have given little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit

3

have no material relation or significant connection to the plaintiff's chosen forum.'" *McDermed*, 2014 WL 6819407, at *2 (citation and internal quotation marks omitted).

Here, plaintiff designated Kansas City, Kansas as the place for trial. Doc. 2. She resides in Wallace County, Kansas. Doc. 42 at 1.[1] Plaintiff is thus an out-of-forum resident. Still, she argues, she is a Kansas resident and knowingly chose Kansas City as her forum for trial. *Id.* at 2–3. Plaintiff claims that she selected Kansas City because it was more convenient and economical. *Id.* at 3. Plaintiff does not identify any material relation or significant connection to Kansas City. But nothing suggests she has any material relation or significant connection to Topeka or Wichita.

Importantly, the facts giving rise to the lawsuit occurred far from Kansas City and Wichita and Topeka, lacking any relation or connection to all three locations. *See Bright v. BHCMC, LLC*, No. 17-2529-JWL-GEB, 2018 WL 398450, at *2–3 (D. Kan. Jan. 12, 2018) (giving "reduced weight" to plaintiff's chosen forum when the "facts giving rise to the lawsuit have no connection to Kansas City, and Plaintiff provides no personal connection to Kansas City, aside from his choice of counsel there"). Nevertheless, plaintiff's designation "of Kansas City as the place of trial remains at least a factor to be considered." *Nkemakolam v. St. John's Mil. Sch.*, 876 F. Supp. 2d 1240, 1248 (D. Kan. 2012) (Lungstrum, J.). This factor thus favors Kansas City, albeit just slightly. It does not support defendant's request to move the trial location from Kansas City to Topeka.

The court next considers the convenience of the witnesses and the accessibility of the evidence.

---

[1] Wallace County sits on the Sunflower State's western border with Colorado and is one of a handful of Kansas counties in the Mountain Time Zone. *See* 49 C.F.R. § 71.7(d). In contrast, Kansas City sits on Kansas's eastern border with Missouri, within the Central Time Zone.

**B. Whether Convenience and Accessibility of Evidence Favors Topeka as Place of Trial**

The "relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer." *Menefee*, 2009 WL 1313236, at *2. A plaintiff's proposed forum must be "substantially inconvenient" to warrant a change in forum. *Id.* A proposed trial location is substantially inconvenient if all or practically all the witnesses reside in a different location and traveling to the proposed trial location would impose a substantial burden. *Id.* (holding that there was an "enormous disparity in convenience between Kansas City and Wichita" because all witnesses would have to travel 200 miles from Wichita to Kansas City); *Lopez-Aguirre*, 2014 WL 853748, at *2 (granting motion to designate Topeka as the place of trial rather than Kansas City because the "great majority of witnesses [were] located in the Topeka area" and holding trial in Kansas City would "cause much more disruption" to these witnesses); *Nkemakolam*, 876 F. Supp. 2d at 1248 (denying motion to move trial from Kansas City to Topeka because "the presence of a large airport makes Kansas City a more convenient forum for plaintiffs, who must travel to Kansas" and while "Topeka might be marginally more convenient for [defendant] and its witnesses, that factor is at least counter-balanced by the loss in convenience to plaintiffs and other witnesses residing outside the state . . . that would occur with a transfer to Topeka").

Here, the parties' filings establish that one witness works in Topeka while the remaining seven witnesses work outside both Kansas City and Topeka. *See* Doc. 39-1; *see* Doc. 42-1 at 1–2. Defendant argues that this circumstance favors Topeka as the place of trial because it is geographically closer for the individuals residing or working in (or near) Wallace County, Kansas. Doc. 39 at 3. The court finds this argument unpersuasive. It is unlikely that the witnesses will incur a significant amount of travel if the trial was held in Kansas City instead of

Topeka. There is a marginal difference in the burden of travel between the two forums and so, it does not impose a substantial burden on the witnesses. One commonly used travel app estimates the driving time between our Kansas City courthouse and Sharon Springs (Wallace County's county seat) as five hours and twenty-nine minutes. The same app estimates the distance from our court's Topeka location and Sharon Springs as four hours and thirty-nine minutes. Fifty extra minutes is not a material difference. And, as plaintiff notes, defendant failed to identify which Wallace County witnesses, if any, he would call to testify in person at trial. Doc. 42 at 3. Plaintiff asserts that she intends to call two witnesses. *Id.* Both witnesses work more than 100 miles from either possible forum. *Id.* at 3–4. Because of the distance, plaintiff intends to play the videotaped deposition testimony of both witnesses at trial. *Id.* at 4.

Defendant asserts that he is entitled to have witnesses appear live for their trial testimony. Doc. 39 at 3. He contends that displaying video recording of witnesses as "opposed to live testimony cheats the finder of fact to judge witnesses in a courtroom setting," and also diminishes "the importance of their civic duty in the judicial process." *Id.* Plaintiff responds that these concerns lack substance because defendant knew or should have known of the intention to play the testimony at trial, the permissive nature of video depositions for trial, and remote testimony has become the new normal during COVID-19. Doc. 42 at 4.

The court cannot accept defendant's arguments on this point. Nothing suggests that the deposition recordings are unsatisfactory. And defendant cites no case relying on this reasoning to support a motion to change place of trial. Defendant fails to demonstrate that any witness would suffer substantial burden by trying the case in Kansas City. *See* Doc. 39 at 3. Defendant also fails to show that designating Topeka as the place of trial would decrease the existing burden. *Id.* Kansas City is not a "substantially inconvenient" place for the witnesses and

evidence. Therefore, this factor disfavors granting defendant's request to relocate this trial to Topeka.

The court next considers the interests of conducting a fair trial.

### C. Whether the Prospect of a Fair Trial Favors Topeka as Place of Trial

Defendant asserts nothing to suggest that holding this trial in Kansas City would diminish the prospect of a fair trial. Yet, plaintiff contends that securing a fair trial in Topeka is difficult. Doc. 45 at 5 (alleging potential jurors might view defendant's defense "that the high winds were an act of god" with bias or partiality). Ultimately, nothing in the record suggests that either party will not receive a fair trial in either Kansas City or Topeka. And potential jurors receive instructions to set aside their biases and prejudices and to examine the evidence objectively. Thus, this factor remains neutral—it does not favor granting defendant's motion.

The court next considers any other practical considerations that make a trial easier, more expeditious, or more economical.

### D. Whether Other Factors Favor Topeka as Place of Trial

The court also may consider various other factors when determining the place for trial. For example, our court has considered the cost of forcing witnesses—medical practitioners—to travel for trial testimony at the expense of time lost treating patients. *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *3 (D. Kan. June 8, 2006). However, defendant asserts no costs resulting from travel expenses. Instead, defendant contends he is precluded from issuing proper witness fee and mileage expenses for the physical presence of some witnesses. Doc. 39 at 3. A "witness in attendance at any court of the United States" is "paid the fees and allowances" provided by 28 U.S.C. § 1821. *See Witness and Mileage Fees*, D. Kan., http://ksd.uscourts.gov/index.php/witness-and-mileage-fees/ (last visited June 7, 2021) (citing 28

U.S.C. § 1821). Defendant does not explain what might preclude him from issuing proper witness fee and mileage expenses. He fails to articulate any reason why Topeka and Kansas City vary on this factor.

Plaintiff argues that her trial technology consultant may face increased expenses if the court grants defendant's request to move the trial location to Topeka. Doc. 42 at 5. She explains that her trial consultant is located in Lee's Summit, Missouri. *Id.* The court agrees with plaintiff's reasoning on this point, but only to a limited extent. Because Kansas City is geographically closer than Topeka, plaintiff's trial technology consultant may face less inconvenience and fewer travel expenses. Though, as the court explains below, travel between Kansas City and Topeka is hardly a Tolkienesque trek. Defendant does not allege specific expenses related to travel, while plaintiff demonstrates some potential increase of costs for her trial technology consultant.

Defendant also argues that Topeka is the better venue given its relative convenience to the parties. Doc. 39 at 3. He reasons that Topeka is more convenient for both parties because they both live closer to Topeka than to Kansas City. *Id.* Plaintiff responds that relocating the trial in Topeka would leave defendant's convenience effectively unchanged. Doc. 42 at 3. She reasons that a trial in Kansas City or Topeka will require the defendant to travel from Durango, Colorado, to eastern Kansas either by plane or automobile. *Id.* Plaintiff asserts that Kansas City is more convenient if defendant flies because the major airport nearest to both Kansas City and Topeka is Kansas City International Airport (KCI). *Id.* That airport is located in northern Kansas City, Missouri—just north of our Kansas City, Kansas courthouse. And our court has previously noted that "the presence of a large airport makes Kansas City a more convenient forum" than Topeka for parties "who must travel to Kansas." *Nkemakolam*, 876 F. Supp. 2d at

1248.  That observation applies here as well.  The Kansas City courthouse would be more convenient than the Topeka courthouse for those traveling in from out-of-state to eastern Kansas by commercial plane.

Should defendant travel to the trial by automobile, the analysis changes slightly.  Plaintiff asserts that the difference between defendant's drive from Durango, Colorado, to either Kansas City or Topeka is insignificant because the two are less than an hour's drive apart.  Doc. 42 at 3.  Indeed, many people commute between the two cities daily.  The undersigned counted himself among that crowd for years.  Still, the court recognizes that the drive east from the Centennial State is a bit longer if one must pass Topeka and press on to Kansas City.  Defendant's motion fails to demonstrate that his convenience meaningfully favors, if at all, holding this trial in Topeka rather than Kansas City.

Finally, plaintiff asserts that Kansas City is a more convenient forum for both parties' attorneys.  Doc. 42 at 5.  She explains that her counsel is located in Kansas City, Missouri, and defendant's counsel is located in Overland Park, Kansas.  *Id.*  Both are closer to Kansas City than to Topeka.  But "convenience of counsel is entitled to little, if any, weight" when considering whether a location is inconvenient.  *Studdard By & Through Studdard v. Connaught Lab'ys, Inc.*, 793 F. Supp. 291, 292 (D. Kan. 1992); *see also Jones v. Wichita State Univ.*, No. 06-2131-KHVGL, 2007 WL 1173053, at *1 (D. Kan. Apr. 19, 2007); *but see Nkemakolam*, 876 F. Supp. 2d at 1248 (D. Kan. 2012) (explaining that the presence of counsel for both parties in the Kansas City area weighs against transfer).  If the court considers this factor, it favors plaintiff's designation slightly.  This factor thus disfavors granting defendant's request to hold the trial in Topeka.

### E. Whether the Factors Considered as a Whole Favor the Requested Change of the Place of Trial

Several relevant factors favor Kansas City as the place of trial. The only other factor is neutral. *First*, under the plaintiff's choice of forum, plaintiff's designation as Kansas City is given slight weight and consideration. *Second*, defendant's witnesses and evidence considerations do not amount to a substantial inconvenience. *Third*, nothing suggests that a fair trial would not occur in either Kansas City or Topeka. *Finally*, the other considerations favor Kansas City because the parties' counsel and consultant would bear less travel expenses and costs for a Kansas City trial. Defendant fails to carry his burden to show that the current trial location of Kansas City, Kansas, is substantially inconvenient, or that other matters of convenience, fairness, or justice support his motion.

### III. Conclusion

Defendant moves the court to transfer the place of trial from plaintiff's preference to his own. But few, if any, relevant factors support defendant's argument that convenience, fairness, or the interests of justice favor moving the place of trial from Kansas City to Topeka. The balance of these factors does not favor transfer—strongly or otherwise. Exercising its discretion, the court denies defendant's Motion to Re-Designate the Place of Trial From Kansas City to Topeka (Doc. 39). The court maintains Kansas City, Kansas as the place of trial.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Cory Chick's Motion to Re-Designate the Place of Trial From Kansas City to Topeka (Doc. 39) is denied.

**IT IS SO ORDERED.**

**Dated this 22nd day of June, 2021, at Kansas City, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**